FILED
United States Court of Appeals
Tenth Circuit

August 26, 2024

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AMBROCIO ARROYO,

Defendant - Appellant.

No. 24-6037
(D.C. No. 5:22-CR-00239-JD-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **CARSON**, **BRISCOE**, and **FEDERICO**, Circuit Judges.
_____

The government has filed a motion to enforce the appeal waiver in Ambrocio

Arroyo's plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir.

2004) (en banc) (per curiam).  Exercising jurisdiction under 28 U.S.C. § 1291, we

grant the motion and dismiss the appeal.

## Background

Mr. Arroyo pled guilty to possession of fentanyl with intent to distribute.  The

district court accepted his plea and sentenced him to 200 months in prison, followed

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

by five years of supervised release. Mr. Arroyo seeks to appeal his sentence, even though the plea agreement included a broad waiver of his appellate rights.

The government moved to enforce the appeal waiver under *Hahn*. Mr. Arroyo's counsel filed a response, which (1) "agree[d] that the record is clear as to Mr. Arroyo's understanding of his plea and the appeal waiver, based on the documents themselves and the change of plea colloquy"; but (2) advised the court that counsel and her client "have differing views on the scope of the appeal waiver." Counseled Resp. at 2. Citing this conflict, counsel asked the court to allow Mr. Arroyo to file a pro se response and stated that she would withdraw to allow that pro se response. *Id.* We construe that response as an *Anders* brief and a motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967) (defense counsel may "request permission to withdraw" when counsel conscientiously examines a case and determines that an appeal would be "wholly frivolous").

Consistent with the procedure outlined in *Anders*, the court allowed Mr. Arroyo to file a pro se response to show why the appeal waiver should not be enforced. His response states that he signed a plea agreement because his previous attorney advised him that his advisory sentencing guidelines range was 87 to 108 months; however, his actual sentence was "nearly double" that because the court applied sentencing enhancements and overruled his objections to them. Pro Se Resp. at 1. He makes two arguments: (1) the district court abused its discretion when it overruled his objections to the sentencing enhancements, "thereby resulting in a

sentence that was outside of the advisory guidelines that defendant agreed to plea[d] guilty to"; and (2) his "defense counsel was potentially ineffective." *Id.* at 2.

## Discussion

*Hahn* lists three factors to consider in evaluating an appeal waiver: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. Relevant here, a defendant can demonstrate a miscarriage of justice by showing that he received ineffective assistance of counsel in connection with the negotiation of the waiver, rendering the waiver invalid, or by showing that the waiver is "otherwise unlawful," *id.* at 1327. For a waiver to be "otherwise unlawful," the district court must have made an error that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

All three factors support upholding the appeal waiver in this case. First, Mr. Arroyo's appeal is within the scope of his appeal waiver. Mr. Arroyo asks this court to "allow him to appeal his sentence." Pro Se Resp. at 2. But he expressly waived "the right to appeal [his] sentence . . . and the manner in which the sentence [was] determined, including its procedural reasonableness." Mot. to Enforce, Attach. 1 at 8. His right to appeal the substantive reasonableness of his sentence was excluded from the waiver if it was "above the advisory Guidelines range *determined by the Court to apply to Defendant's case.*" *Id.* (emphasis added). But

3

that is not the case. The court determined the applicable advisory guidelines range was 168 to 210 months, and his 200-month sentence was within that range.

Second, Mr. Arroyo has not satisfied his burden of showing that he did not knowingly and voluntarily enter into his plea agreement. *See Hahn*, 359 F.3d at 1329. It is clear from both the plea agreement and the lengthy Rule 11 colloquy that his plea waiver was knowing and voluntary. To the extent he is trying to dispute this factor through his argument that he expected his advisory guidelines range to be lower, we are not persuaded. As the Supreme Court has explained, "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629 (2002).

Moreover, Mr. Arroyo acknowledged in his plea agreement that although the parties would request certain downward adjustments to his sentence, he "underst[ood] that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or Defendant." Mot. to Enforce, Attach. 1 at 7. He also said he "under[stood] that the Court has jurisdiction and authority to impose any sentence within the [ten-year] statutory maximum for the offense(s) to which" he pled guilty. *Id.* at 8. Similarly, at the change of plea hearing on November 30, 2022, Mr. Arroyo expressed his understanding that the sentencing judge could impose a sentence that "may

4

be different from any estimate that [his counsel] may have given to [him]." *Id.*, Attach. 3 at 7-8. He also expressed his understanding that the sentencing judge did not yet have the presentence report so, "as a practical matter, [he had] no way of knowing with any certainty what the consequences of [his] plea [would] be." *Id.* at 8. Under these circumstances, Mr. Arroyo has not shown that his waiver was not knowing and voluntary.

Last, we assess whether the waiver would result in a miscarriage of justice. Mr. Arroyo appears to argue that enforcing the appeal waiver against him would be a miscarriage of justice because his defense counsel may have been ineffective. *See* Pro Se Resp. at 2 ("The fact that the Government is now seeking to enforce an appeal waiver knowing that Mr. Arroyo's defense counsel was potentially ineffective is not justice."). But he does not argue that he received ineffective assistance of counsel in connection with the negotiation of the waiver, as required. *See Hahn*, 359 F.3d at 1327. Besides, "a defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). The court's holding in *Hahn* did "not disturb this longstanding rule." *Hahn*, 359 F.3d at 1327 n.13. When a defendant "offers no argument supporting a reason to depart from our general practice," as is the case here, we have declined to consider ineffective-assistance claims on direct appeal. *Porter*, 405 F.3d at 1144. Consistent with his plea agreement, Mr. Arroyo can bring a claim for ineffective assistance through a collateral proceeding.

5

Mr. Arroyo also argues that the sentencing court abused its discretion when it overruled his objections to certain sentencing enhancements. An argument about the sentencing court's application of enhancements does not satisfy the miscarriage-of-justice exception, which looks to whether "the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error." *United States v. Smith*, 500 F.3d 1206, 1212-13 (10th Cir. 2007) (citation and internal quotation marks omitted). "To allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive." *Id.* at 1213.

## Conclusion

We grant the government's motion to enforce the appeal waiver and dismiss this appeal. We also grant defense counsel's motion to withdraw.

Entered for the Court

Per Curiam